**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>APPLE INC., )<br><br>Defendant. ) | C.A. No. 13-2058-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>AT&T SERVICES, INC., )<br><br>Defendant. ) | C.A. No. 13-2061-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>CHARTER COMMUNICATIONS, INC., )<br><br>Defendant. ) | C.A. No. 13-2062-RGA |

1

|  |  |  |
|---|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 13-2063-RGA |
| COMCAST CABLE COMMUNICATIONS, LLC | ) ) ) | |
| Defendant. | ) ) | |
| DRAGON INTELLECTUAL PROPERTY, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 13-2064-RGA |
| COX COMMUNICATIONS INC., | ) ) | |
| Defendant. | ) ) ) | |
| DRAGON INTELLECTUAL PROPERTY, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 13-2065-RGA |
| DIRECTV LLC, | ) ) | |
| Defendant. | ) ) ) | |

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 13-2066-RGA |
| DISH NETWORK, LLC, | ) ) ) |
| Defendant. | ) ) |
| DRAGON INTELLECTUAL PROPERTY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 13-2067-RGA |
| SIRIUS XM RADIO INC., | ) ) ) |
| Defendant. | ) ) ) |
| DRAGON INTELLECTUAL PROPERTY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 13-2068-RGA |
| TIME WARNER CABLE INC., | ) ) |
| Defendant. | ) ) ) |

<table>
<tr><td>

DRAGON INTELLECTUAL<br>
PROPERTY, LLC,<br>
<br>
       Plaintiff,<br>
<br>
v.<br>
<br>
VERIZON COMMUNICATIONS INC.,<br>
<br>
       Defendant.
</td>
<td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td>
<td>C.A. No. 13-2069-RGA</td>
</tr>
</table>

## JOINT [PROPOSED] RULE 16 SCHEDULING ORDER

This 21st day of April, 2014, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.     Rule 26(a)(l) Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within 30 days of the date of this Order.

2.     Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before September 12, 2014.

3.     Discovery.

    a.     Coordination.  The parties propose to coordinate discovery in the ten (10)

above-captioned cases where practicable.[1] Any submissions to the Court shall be filed in the specific case(s) to which they are believed in good faith to pertain. For purposes of counting discovery requests and deposition hours, all defendants in a single captioned case count as a single Defendant. To illustrate, as of this date there are 10 Defendants by this definition.

        b.    Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before July 10, 2015.

        c.    Document Production. Document production shall be substantially complete by May 15, 2015.

        d.    Request for Admission. A maximum of 25 requests for admission are permitted in each case for Plaintiff, and a maximum of 25 requests are permitted for each Defendant. In addition, the parties may serve a reasonable number of requests for admission to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations stated above.

        e.    Interrogatories. A maximum of 15 common interrogatories by each side is permitted. A maximum of 25 total interrogatories (including common interrogatories) is permitted in each case for Plaintiff, and a maximum of 25 total interrogatories (including common interrogatories) is permitted for each Defendant.

---

[1] These ten cases are *Dragon Intellectual Property LLC v. Apple Inc.* (C.A. No. 13-2058-RGA), *Dragon Intellectual Property LLC v. AT&T Services, Inc.* (C.A. No. 13-2061-RGA), *Dragon Intellectual Property LLC v. Charter Communications Inc.* (C.A. No. 13-2062-RGA), *Dragon Intellectual Property LLC v. Comcast Cable Communications LLC* (C.A. No. 13-2063-RGA), *Dragon Intellectual Property LLC v. Cox Communications Inc.* (C.A. No. 13-2064-RGA), *Dragon Intellectual Property LLC v. DirecTV LLC* (C.A. No. 13-2065-RGA), *Dragon Intellectual Property LLC v. DISH Network LLC* (C.A. No. 13-2066-RGA), *Dragon Intellectual Property LLC v. Sirius XM Radio Inc.* (C.A. No. 13-2067-RGA), *Dragon Intellectual Property LLC v. Time Warner Cable Inc.* (C.A. No. 13-2068-RGA), and *Dragon Intellectual Property LLC v. Verizon Communications Inc.* (C.A. No. 13-2069-RGA).

f.   Depositions.

i.   Limitation on Hours for Deposition Discovery.

For all depositions, excluding expert depositions but including third-party depositions, Plaintiff is entitled to take up to a combined maximum of four-hundred (400) hours of deposition testimony. No Defendant, including current officers, directors, and employees of that Defendant (which includes witnesses pursuant to Fed. R. Civ. Proc. 30(b)(6) and witnesses pursuant to Fed. R. Civ. Proc. 30(b)(1)), shall be subject to more than fifty (50) total hours of depositions. For all depositions, excluding expert depositions but including third-party depositions, Defendants in this action, jointly, are entitled to take up to two-hundred and fifty (250) hours of deposition testimony on issues common to Defendants. Additionally, each Defendant is entitled to take up to fifteen (15) hours of deposition testimony on issues specific to that Defendant.

Deposition time shall be calculated from the time on the record. Except as provided below with respect to named inventors, no individual testifying pursuant to Rule 30(b)(1) or party testifying pursuant to Rule 30(b)(6) shall be deposed for more than seven (7) hours.

The total number of deposition hours permitted for each of the named inventors for the patent-in-suit shall be fourteen (14) hours. Where an inventor is also designated as a Rule 30(b)(6) witness, the Rule 30(b)(6) deposition time is excluded from the 14-hour limit.

If party believes that additional hours for deposition discovery are necessary, the parties shall meet and confer to try to reach agreement on the amount of additional hours needed, and thereafter, if unable to reach agreement, the parties may seek modification of this provision by submission to the Court.

ii.   Location of Depositions.   The parties agree that in this case the depositions of party witnesses shall occur in the state where the witness's business office is located or at some other mutually agreeable location. Unless otherwise agreed to by the parties, depositions shall take place within fifty (50) miles of the place of residence or employment of the deponent.

iii.     Limitation on Hours for Expert Deposition Discovery. No later than sixty (60) days before the deadline for serving reply expert reports, the parties will meet and confer telephonically regarding the limits on hours for expert deposition discovery, if any. No later than forty-five (45) days before the deadline for serving reply expert reports, the parties shall either (a) file their agreement(s) on a procedure regarding the limits on hours for expert deposition discovery, if any or (b) file competing proposals with disagreements noted for resolution by the Court.

g.     Discovery Matters and Disputes Relating to Protective Orders. Should any dispute relating to a discovery matter or a protective order arise between any parties, counsel for the parties involved shall meet and confer in good faith and attempt to resolve or otherwise narrow the issues in dispute. If the parties are unable to resolve the dispute, the parties involved shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

h.     Initial Disclosures. Within 90 days after the Rule 16 Conference, each party shall disclose:

i.     Custodians. No more than 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the

least likely. The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information.

        ii.      Non-custodial data sources.[2] A list of the non-"Custodial" data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

    4.      Initial Discovery in Patent Litigation.[3]

        a.      On or before May 16, 2014, Plaintiff shall specifically identify the accused products, services, systems, apparatuses, process, methods, acts or other instrumentalities ("Accused Products"), the particular accused functionality in each Accused Product, and the claims of the asserted patent(s) allegedly infringed by each such product, and produce the file history for each asserted patent.

        b.      On or before June 30, 2014, the Defendants shall produce or make available for inspection to the Plaintiff the core technical documents sufficient to show the structure and operation of any Accused Products, including but not limited to operation manuals, product literature, schematics, and specifications.

        c.      On or before August 29, 2014, the Plaintiff shall provide to the Defendants "Infringement Contentions" comprising claim charts relating each Accused Instrumentality to the asserted claims that each Accused Instrumentality allegedly infringes. Such disclosure must contain the following information:

        i.      Each claim of each patent in suit that is allegedly infringed by each opposing party;

        ii.      Separately for each asserted claim, each Accused Instrumentality of each Defendant of which the Plaintiff is aware. This identification shall be as specific as

---

[2]      That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container (e.g., enterprise system or database).

[3]      As these disclosures are "initial," each party shall be permitted to supplement.

possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

   iii. A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

   iv. Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

   v. If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim; and

   vi. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled, and all documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the identified priority date, whichever is earlier. Any such identification and production shall be preliminary, and subject to amendment, supplementation, or modification as discovery proceeds in these matters.

  d. On or before October 28, 2014, the Defendants shall provide to the Plaintiff their initial "Invalidity Contentions" for each asserted claim, as well as the related invalidating references (e.g., publications, manuals, and patents), which must contain the following information:

   i. The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number,

country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

ii.      Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

iii.      A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

iv.      Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

5.      Application to Court for Protective Order.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within sixty days from the date of this

Order. If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that this information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6.      Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

7.      Courtesy Copies. The parties shall provide the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

8.      Email Service. The parties have consented in writing to service by email, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. The parties agree that service on any party by email shall be made on both local and national counsel of that party. The parties also agree that, for purposes of computing deadlines for responses to pleadings or discovery requests when such deadlines are triggered by service of a document, the additional 3 days permitted by Rule 6(d) of the Federal Rules of Civil Procedure will apply.

9.      Privilege. The parties are not required to prepare privilege logs or otherwise schedule documents withheld from production to the extent they (1) relate to activities undertaken in compliance with the duty to preserve information under Fed. R. Civ. P. 26(b)(3)(A) and (B), or (2) are withheld from production on the basis of privilege and/or other

exemption or immunity from production and are generated after the filing of the Complaints; or (3) as to Plaintiff, were generated both after Plaintiff hired Freitas, Tseng & Kaufman LLP to represent it in these matters and in the preparation of the Complaints. All other withheld documents must be logged in full compliance with Fed. R. Civ. P. 26(b)(5)(A).

10.    Claim Construction Issue Identification.  On or before November 7, 2014, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before November 21, 2014, the parties shall exchange their proposed claim constructions of those term(s)/phrases(s). These documents will not be filed with the Court. Subsequent to exchanging those lists, the parties will meet and confer on or before December 5, 2014 to prepare a Joint Claim Construction Chart to be filed no later than December 12, 2014. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

11.    Claim Construction Briefing.  Plaintiff shall serve, but not file, its opening brief, not to exceed 30 pages, on January 12, 2015. Defendants shall serve, but not file, a joint answering brief, not to exceed 30 pages, on February 12, 2015. Plaintiff shall serve, but not file its reply brief, not to exceed 20 pages, on February 26, 2015. Defendants shall serve, but not file, a joint sur-reply brief, not to exceed 20 pages, on March 12, 2015. No later than March 19, 2015, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.      Agreed-upon Constructions

II.     Disputed Constructions

A.      [TERM 1]

        1. Plaintiff's Opening Position
        2. Defendants' Answering Position
        3. Plaintiff's Reply Position
        4. Defendants' Sur-Reply Position

B.      [TERM 2]

        1. Plaintiff's Opening Position
        2. Defendants' Answering Position
        3. Plaintiff's Reply Position
        4. Defendants' Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

12.     Hearing on Claim Construction. Beginning at 9:00 a.m. on April 20, 2015, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

13.     Disclosure of Expert Testimony.

a.      Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before August 3, 2015. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before September 16, 2015. Reply expert reports from the party with the initial burden of proof are due on or before October 7, 2015 . No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their

experts' availability for depositions.  Depositions of experts shall be completed on or before
November 12, 2015.

          b.     Objections to Expert Testimony.  To the extent any objections to expert
testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,*
509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by
motion no later than the deadline for dispositive motions set forth herein, unless otherwise
ordered by the Court.

       14.     Case Dispositive Motions.  All case dispositive motions, an opening brief, and
affidavits, if any, in support of the motion shall be served and filed on or before December 14,
2015. No case dispositive motion under Rule 56 may be filed more than ten days before the
above date without leave of the Court.  Any response to a case dispositive motion must be filed
within 28 days from the date on which the dispositive motion is served and filed.  Any reply to
any case dispositive motion must be filed within 7 days from the date on which the response is
served and filed.

       15.     Applications by Motion.  Except as otherwise specified herein, any application to
the Court shall be a written motion.  Any non-dispositive motion should contain the statement
required by Local Rule 7.1.1.

       16.     Trial Scheduling Conference.  On January 15, 2016, beginning at 8:30 a.m., the
Court will hold a conference to discuss dates for the pretrial conferences and trials for these
cases.

       17.     Pretrial Conference.  The Court will hold a Rule 16(e) final pretrial conference in
Court with counsel on a date or time to be announced.  The parties shall file a joint proposed
final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third
business day before the date of the final pretrial conference.  Unless otherwise ordered by the
Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the
preparation of the proposed joint final pretrial order.

18.     Motions *in Limine*.  Motions *in limine* shall not be separately filed.  All *in limine*
requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall
be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine*
request and any response shall contain the authorities relied upon; each *in limine* request may be
supported by a maximum of three pages of argument and may be opposed by a maximum of
three pages of argument, and the party making the *in limine* request may add a maximum of one
additional page in reply in support of its request.  If more than one party is supporting or
opposing an *in limine* request, such support or opposition shall be combined in a single three
page submission (and, if the moving party, a single one page reply).  No separate briefing shall
be submitted on *in limine* requests, unless otherwise permitted by the Court.

19.     Jury Instructions, Voir Dire, and Special Verdict Forms.  Where a case is to be
tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed
voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict
forms no later than 5 p.m. on the third business day before the date of the final pretrial
conference.  The parties shall submit simultaneously with filing each of the foregoing four
documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

20.     Trial.  The Court will determine at the trial scheduling conference whether to
consolidate these cases for a single jury trial on any issues regarding the validity or
enforceability of the patent in suit and to determine the schedule for such validity and/or
infringement trial(s).  At least sixty (60) days in advance of the trial scheduling conference, the
parties shall jointly submit a proposed briefing schedule for presenting the parties' competing
trial proposals to the Court.

21.     ADR Process.  This matter is referred to a magistrate judge to explore the
possibility of alternative dispute resolution.

DATED: 4-21-14

_____
HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE